NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ALLANA BARONI,<br><br>    Debtor.<br><br>———————————————————<br><br>RICHARD LAWRENCE ANTOGNINI;<br>MICHAEL S. RILEY, Esquire,<br><br>    Appellants,<br><br> v.<br><br>GREEN TREE SERVICING LLC; et al.,<br><br>    Appellees. | No.   17-55554<br><br>D.C. No. 2:16-cv-07226-PA<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted April 11, 2018**

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Richard Lawrence Antognini and Michael S. Riley, counsel for the chapter 7

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

debtor, appeal from the district court's judgment affirming the bankruptcy court's imposition of sanctions under Federal Rule of Bankruptcy Procedure 9011. We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. We review de novo the district court's decision on appeal from the bankruptcy court and apply the same standards of review applied by the district court. *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 879 (9th Cir. 2012). We review for an abuse of discretion a bankruptcy court's award of sanctions. *Miller v. Cardinale (In re DeVille)*, 361 F.3d 539, 547 (9th Cir. 2004). We affirm.

The bankruptcy court did not abuse its discretion by imposing sanctions on counsel for filing a frivolous motion for reconsideration under Federal Rule of Bankruptcy Procedure 9024. *See* Fed. R. Bankr. P. 9011(b); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362, 1367 (9th Cir. 1991) (en banc) (sanctions for a motion for reconsideration may appropriately be imposed on the signer of a paper "if either a) the paper is filed for an improper purpose, or b) the paper is 'frivolous'"); *see also In re DeVille*, 361 F.3d at 551-52 (under Rule 9011, adequate notice and an opportunity to be heard is all the process required). Contrary to appellants' contention, Rule 9011(d)'s inapplicability to discovery does not preclude sanctions for the filing of a motion for reconsideration under

Rule 9024.

We reject as unsupported by the record appellants' contention that the bankruptcy court did not comply with the requirements of Rule 9011(c)(3).

**AFFIRMED.**